UNITED STATES, Appellee,

v.

Private (E–2) John D. BLOOM, SSN 533–64–1346, United States Army, Appellant.

CM 437241.

U. S. Army Court of Military Review.

21 Nov. 1978.

Major Benjamin A. Sims, JAGC, Major D. David Hostler, JAGC, and Captain James J. Parwulski, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Captain Douglas P. Franklin, JAGC, and Captain Glen D. Lause, JAGC, were on the pleadings for appellee.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

OPINION OF THE COURT

THORNOCK, Judge:

The appellant was charged with attempted murder of a German woman in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880. In his general court-martial, by exceptions and substitutions, the members found him guilty of an aggravated assault in violation of Article 128, UCMJ, 10 U.S.C. § 928. They sentenced him to a bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year. On 9 June 1978 the convening authority approved the sentence, but on 26 April 1978 he had deferred the execution of the confinement, the deferment to continue until rescinded or the sentence ordered executed whichever was sooner. On the date of the action the application of forfeitures was also deferred until the sentence was ordered executed or the accused was ordered to a confinement facility, whichever was sooner. On 18 September 1978 both deferments were rescinded effective 3 October 1978, and appellant was ordered into confinement.

Appellant urges several errors for our consideration. Our disposition of one of those errors makes it unnecessary to discuss the remaining assignments of error. During the trial, the appellant introduced evidence of good moral character. However, the accused did not deny committing an act against the person of the victim. Rather, he defended on the basis of duress. This defense kept appellant's criminal intent at

issue. Because he did not deny the act, the military judge refused a defense request to instruct on the appellant's good character. The Government now concedes that such an instructional omission was prejudicial error which requires reversal. *See generally United States v. Mathis*, 17 U.S.C.M.A. 205, 38 C.M.R. 3 (1967); *United States v. Cooper*, 15 U.S.C.M.A. 322, 35 C.M.R. 294 (1965); *United States v. Phillips*, 3 U.S.C.M.A. 137, 11 C.M.R. 137 (1953); *United States v. Browning*, 10 U.S.C.M.A. 599, 5 C.M.R. 27 (1952), and the cases and commentaries cited therein.*

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Chief Judge DE FIORI and Senior Judge CARNE concur.

---

* *Cf., United States v. Wright*, 20 U.S.C.M.A. 12, 42 C.M.R. 204 (1970), and *United States v. Shultz*, 18 U.S.C.M.A. 133, 39 C.M.R. 133 (1969). These two cases, while appearing contra, are distinguishable from the case *sub judice* on both the facts and legal theories of the cases. In *Wright* the character evidence was not intended to indicate the unlikelihood of the commission of the offense; rather, it was introduced to show inconsistent conduct to bolster an insanity defense. In *Shultz* the accused's actions were intentional and his attempt at a defense was one of confession and avoidance; it was not one of complete defense or denial that a crime was committed. Accordingly, both cases are distinguishable from *Mathis*. In the case herein the appellant's criminal intent remained at issue; he did not confess a crime, rather an act; and the character evidence presented went to both that defense and to the classic reason for instructions on character evidence—that evidence of good character may raise a reasonable doubt as to an accused's guilt.